**PENACHIO MALARA LLP**

Bankruptcy Counsel for Petroleum Kings, LLC
235 Main Street
White Plains, NY 10601
(914) 946-2889

Anne Penachio, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NY
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
UNITED METRO ENERGY CORPORATION,

                                      Plaintiff,

      -against-

PETROLEUM KINGS, LLC, ASMEL GONZALEZ a/k/a
MEL GONZALEZ, and "JOHN DOE No. 1" through "JOHN
DOE No. 10" the names being fictitious and unknown to Plaintiff,

                                      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

## NOTICE OF REMOVAL OF SUPREME COURT ACTION

**TO:**    **UNITED STATES DISTRICT COURT**

        **THE CLERK OF THE UNITED STATES DISTRICT COURT**

        **THE HONORABLE ROBERT D. DRAIN, UNITED STATES BANKRUPTCY JUDGE**

        **THE CLERK OF THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

        **THE HONORABLE ALAN D. SCHEINKMAN, JUSTICE OF THE SUPREME COURT FOR THE COUNTY OF WESTCHESTER,**

        **THE CLERK OF SUPREME COURT FOR THE COUNTY OF WESTCHESTER;**

        **AND ALL PARTIES IN THE SUPREME COURT CIVIL ACTION[S] HEREBY REMOVED:**

**PLEASE TAKE NOTICE THAT PETROLEUM KINGS, LLC,** the debtor and debtor in possession in a case under Chapter 11 of Title 11 of the United State Code numbered 17-22154(rdd) pending before this Court (the "Debtor"), by its counsel, Anne Penachio, Esq. of **PENACHIO MALARA LLP**, hereby submits this Notice of Removal, pursuant to 28 U.S.C. §§ 157(a) and 1452(a) and in accordance with Rule 9027 of the Federal Rules of Bankruptcy Procedure, removing the following case from the New York State Supreme Court, Westchester County:  <u>United Metro Energy Corporation v. Petroleum Kings, LLC, Asmel Gonzalez a/k/a Mel Gonzalez, and "John Doe No. 1" through "John Doe No. 10," the names being fictitious and unknown to Plaintiff</u> Index No. 56597/2015 ("Supreme Court Action").

**PLEASE TAKE FURTHER NOTICE THAT** the Debtor seeks referral from this Court to the Bankruptcy Court pursuant to 28 U.S.C. § 157(a) and the "Amended Standing Order of Reference" (M10-468 12 MISC 00032) dated January 31, 2012 of the Hon. Loretta A. Preska, Chief Judge of the United States District Court for the Southern District of New York.

In support of removal, the Debtor respectfully represents as follows:

1.      On or about February 2, 2017 (the "Petition Date"), the Debtor filed for relief (the "Chapter 11 Case") under chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101 <u>et seq.</u> (the "Bankruptcy Code").  The Chapter 11 Case is pending before the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), under case number: 17-22154(rdd).  Since the filing, the Debtor has continued in its business and managing its properties as debtor and debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

2.      The Debtor is in the business primarily of owning, managing and operating a

supplier of heating oil to businesses and residences throughout Westchester and the Bronx.

3. The Debtor's current financial predicament is caused by several factor including fluctuations in oil prices, increased competition and a dispute between the Debtor and United Metro Energy Corp ("UMEC").

4. The Debtor and UMEC entered into a series of agreements whereby it would deliver oil to UMEC's customers. In connection with their understanding, the parties entered into a Terminal Access Agreement ("TAA"). UMEC alleges that the Debtor breached the TAA. Specifically, UMEC alleges that the Debtor and its drivers regularly loaded far more fuel than necessary to fill its assigned UMEC delivery orders. UMEC also alleges that the Debtor converted property.

5. The Debtor vigorously denies that it breached any agreement with UMEC or converted any property.

6. The Debtor believes that it will ultimately prevail on all aspects of the Supreme Court Action. However, it is concerned that a protracted trial would negatively impact business. The Debtor invoked the protection of the Bankruptcy Court to permit it to focus on its business interests, address the allegations made by the UMEC in an efficient and orderly manner and if it is ultimately adjudicated that it has an obligation to UMEC, provide for a distribution under a Chapter 11 Plan.

## FACTS SUPPORTING REMOVAL

7. The instant Supreme Court Action, including all claims and causes of action asserted therein, is a civil action other than a proceeding before the United States Tax Court, nor is it a civil action by a government unit to enforce such government unit's police or regulatory

power.

8. The instant Supreme Court Action, until the filing of this Notice of Removal and the filing of a copy of this Notice of Removal with the Clerk of the Supreme Court of New York for the County of Westchester, was still pending before the Supreme Court of New York for the County of Westchester.

9. Removal of the Supreme Court Action is crucial in this case. Absent removal, the Debtor will be forced to litigate the Supreme Court Action. The Debtor's principal, Asmel Gonzalez, is not a debtor. As such, the automatic stay would arguably not stay the proceeding with respect to him. Absent removal, the Debtor would be placed in an untenable situation where it would be required to appear and defend the Supreme Court Action and also deal with the claim in its Chapter 11 case. Manifestly, it makes sense for the entire action to be tried in one single forum. The pendency of the action in multiple separate courts not only will cause the Debtor to bear increased expenses, but my also lead to inconsistent findings and undermine judicial economy.

10. It should be noted that the Supreme Court Action has been consolidated with the case entitled <u>Petroleum Kings, LLC v. United Metro Energy Corp and United Apollo Petroleum Transportation Corp.</u> bearing index number 51930/2015. Such case will also be removed from State Court.

11. By this Notice of Removal, the Debtor is removing the instant Supreme Court Action to the Federal District Court which, presumably will refer the action to the Bankruptcy Court pursuant to "Standing Order of Referral of Cases to Bankruptcy Judges" for the Southern District of New York, dated July 10, 1984 (Ward, Acting C. J.) as amended on January 31, 2012

by Chief Judge Preska.

12.     Removal is appropriate, because absent removal of the instant Supreme Court Action, the Debtor may not be afforded a full, fair and efficient trial.  The case as to the Debtor would be stayed but, arguably, the matter would not be stayed as to the principal.  This would effectively force the Debtor to participate in the trial to avoid a potentially damaging result.  Moreover, absent removal, the Debtor may be forced to litigate the same or similar issues in different actions.  By removing the Supreme Court Action, the Debtor will streamline the process of resolving the claims into a single forum and protect its property interests and avoid disruption of its business.  Removal promotes efficiency and judicial economy and limits the possibility of inconsistent rules.

13.     The Debtor submits that the removal of the instant Supreme Court Action will facilitate its ability to emerge from bankruptcy protection more quickly and benefit the Debtor, its estate and the creditors therein.

14.     The Bankruptcy Court has jurisdiction over the instant Supreme Court Action pursuant to 28 U.S.C. § 1334(b) and the "Standing Order of Referral of Cases to Bankruptcy Judges" for the Southern District of New York, dated July 10, 1984 (Ward, Acting C.J.) as amended on January 31, 2012 by Chief Judge Preska.

15.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1409 and 1452 in that all or virtually all of the parties are residents of this District; and virtually all of the acts, omission or events which gave to rise to the subject litigation occurred within this District and, in particular, within Westchester County.

16.     All of the issues between the parties should be resolved in the same forum, and the

Bankruptcy Court can afford complete relief to all the parties.

17. Removal is essential to protect the Debtor's property interests under 11 U.S.C. § 541.

18. The instant Supreme Court Action is a civil proceeding related to the Chapter 11 Case. Removal is appropriate because the Supreme Court Action involves issues related to a determination of the assets and liabilities of the Debtor and the valuation thereof. Removal is also appropriate, because resolution of the issues that are the subject of the instant Supreme Court Action is one of several key elements in the Debtor's ability to successfully reorganize in a timely fashion.

19. The Debtor further submits that the instant Supreme Court Action is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(O).

20. Upon removal, the Debtor consents to entry of final orders or judgment by the Bankruptcy Court.

21. In accordance with Rule 9027(a)(1) of the Federal Rules of Bankruptcy Procedure, copies of the docket, process, and pleadings in the Supreme Court Action are annexed hereto.

22. This Notice of Removal is filed within ninety (90) days of the order for relief in the Chapter 11 Case, in accordance with Rule 9027(a)(2) of the Federal Rules of Bankruptcy Procedure.

23. The undersigned has consulted with the co-defendant, Asmel Gonzalez, in the instant Supreme Court Action who consents to removal to the Bankruptcy Court.

**NOW THEREFORE**, all parties to the Supreme Court Action are **HEREBY NOTIFIED**, pursuant to Rule 9027(b) & (e) of the Federal Rules of Bankruptcy Procedure, as follows:

Removal of the Supreme Court Action and all claims and causes of action therein to the Bankruptcy Court will be effected upon the filing of this Notice of Removal with the Clerk of the Supreme Court of New York for the County of Westchester, pursuant to Rule 9027(e) of the Federal Rules of Bankruptcy Procedure. Upon such filing, the parties to the Supreme Court Action shall proceed no further in the Supreme Court of New York for the County of Westchester unless and until this action is remanded by the Bankruptcy Court.

Dated: White Plains, New York
February 3, 2017

Respectfully submitted,

By: /s/ Anne Penachio
Anne Penachio
PENACHIO MALARA, LLP
235 Main Street, Suite 610
White Plains, NY 10601
T. (914) 946-2889
F. (914) 946-2882

*Attorney for the Debtor and Debtor in Possession*